UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------x
OCCIUS PROPHETE

                      Plaintiff,    <u>MEMORANDUM AND ORDER</u>

    - against -         Civil Action No.
                                    CV-04-0355 (DGT)
SLANTCO MANUFACTURING, INC.
                Defendant.

-----------------------------x

TRAGER, District Judge:

    Plaintiff Occius Prophete ("plaintiff"), acting <u>pro</u> <u>se</u>, brings this employment discrimination case against his former employer, Slantco Manufacturing, Inc. ("Slantco" or "defendant"), alleging that he suffered unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). Defendant moves for dismissal based on plaintiff's failure to file suit within ninety (90) days of receiving a Right to Sue Notice from the United States Equal Opportunity Employment Commission ("EEOC") as required by Title VII and the ADEA.

### Background

    Plaintiff is a 69-year-old Haitian-American male. <u>See</u> Complaint ("Compl.") ¶ 7. Slantco hired plaintiff as a painter

in November 1985.  See Compl ¶ 8.[1]  Plaintiff's supervisor was Midy Wilner, the Shop Steward ("Wilner").  Id.  Plaintiff refers to numerous disputes between himself and Wilner, including Wilner's having "made up several stories about [plaintiff]," and that Wilner "sabotaged my work" and "reported lies on me (sic) in order to get me fired."  Id.  Plaintiff claims that Wilner expressed his dislike for plaintiff and called him the "'grand daddy' of the work place."  Id.  Plaintiff asserts that on one occasion Wilner forced him to enter a "hot room" that was used to dry painted equipment; when plaintiff exited the hot room in fear for his health he was docked two hours pay.  Id.  Plaintiff claims that on August 12, 1999, Wilner grabbed his shoulder while plaintiff was using a knife to peel an apple during lunch.  Id.  Plaintiff claims that he "stood up and firmly recommended him to leave me alone (sic)."  Plaintiff claims he was terminated later that day.  Id.

Plaintiff filed a discrimination complaint with the EEOC and the New York State Division of Human Rights on or about March 2, 2000.  See Memorandum of Law in Support of Defendant's Motion to

---

[1] Plaintiff is acting pro se and has stated that his understanding of English is limited.  All citations to paragraph 8 of the complaint reference a signed document dated October 10, 2003, and titled "Subject: Complaint against Attorney Felix Ngati."  The document was attached to the form complaint provided to plaintiff by the Pro Se Office of the United States District Court for the Eastern District of New York ("Pro Se Office").  Plaintiff offered no additional evidence or affidavits to support his claims.

Dismiss ("Def's Mem.") 1. On March 2, 2001, the EEOC issued a Dismissal and Notice of Rights informing plaintiff that the EEOC was "adopt[ing] the findings of the state or local fair employment practices agency that investigated this charge." See Dismissal and Notice of Rights, attached to Complaint. The notice informed plaintiff that he was required to file a federal lawsuit within 90 days of receipt of the document. Id. Plaintiff filed his complaint almost three years later, on January 21, 2004.

## Discussion

Plaintiff's arguments are hard to discern from the pleadings. Plaintiff has offered accusations of mistreatment by his supervisor, including an insult stated in age-specific terms. But plaintiff fails to respond to defendant's legal arguments regarding the 90-day time bar, other than the assertion in his complaint that his lawyer failed to advise him of the 90-day filing requirement. Plaintiff's response to the motion to dismiss consists of a hand-written paragraph that is barely legible. It reads:

> The motion should be denied because for discrimination.
> The boss force me live after 14 years he give me date
> problem. He said to me if I not dive I was fire me to
> [illegible] off my benefit. I make any complaint
> regarding he was harassing me for many years. Some
> many time when he talk to me his was push me for no
> reason his was [illegible] for no reason. I ned
> justice no discrimination.

3

In his complaint, plaintiff asserts that his lawyer "never took proper actions to move forward with the case." He continues:

> So far his actions are limited to a petition that he filed on February 28, 2001. <u>Some days later, I went to Mr. Felix with a letter from the EEOC stating that I had the right to sue in a delay of 90 days.</u> Mr. Felix did not inform me of my right and failed to do anything until expiration of the delay.

Compl. (emphasis added).

Regardless of the plaintiff's arguments about his treatment at work or his lawyer's failure to act on his claim, plaintiff's claim cannot survive the threshold issue of timeliness. A plaintiff must file a discrimination claim under Title VII or the ADEA within 90 days of receipt of a Right to Sue Notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1) (2005)[2]; 29 U.S.C. § 626(e) (2005)[3]; <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984) (stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular

---

[2] 42 U.S.C. § 2000e-5(f)(1) reads in pertinent part that "within ninety days after the giving of ... notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved."

[3] 29 U.S.C. § 626(e) reads in pertinent part that "[a] civil action may be brought under this section ... against the respondent named in the charge within 90 days after the date of the receipt of such notice."

4

litigants").

Pro se plaintiffs who have missed the deadline by even the smallest margin have seen their complaints dismissed. See Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (affirming summary judgment dismissing a complaint filed 97 days after plaintiff received a Right to Sue letter); Sanchez v. National Cleaning Co., 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (dismissing a pro se complaint filed 92 days after receipt of a Right to Sue letter). Even if plaintiff had filed his complaint 91 days after receiving the Dismissal and Notice of Rights - one day after the statutory deadline - dismissal of his claim would be proper. See Moscowitz v. Brown, 850 F. Supp. 1185, 1191-92 (S.D.N.Y. 1994) (dismissing a pro se complaint filed 91 days after receipt of Right to Sue letter), abrogated on other grounds by Lauture v. International Business Machines Corp., 216 F.3d 258 (2d Cir. 2000). Plaintiff's claim was filed not 91 days after receipt of the EEOC notice but nearly three years after the Dismissal and Notice of Rights was mailed and approximately two-and-a-half years after the deadline. Even if leeway for a pro se plaintiff could be allowed, the vast gap in time makes it impossible to allow the claim to proceed.

Plaintiff's argument that his lawyer is to blame is unavailing, and the doctrine of equitable tolling cannot save his complaint. Equitable tolling has been applied to Title VII

5

complaints that have missed the 90-day deadline where claimant filed a defective pleading or where the complainant missed the deadline due to misconduct on the part of his adversary. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). However, "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." Id. Plaintiff admits that he was aware of the Right to Sue letter in early March 2001. Equitable tolling is not applied when complainant's lawyer was absent from his office and did not receive the EEOC notice in time to file a timely complaint. Id. Likewise, equitable tolling does not apply to instances where the complainant's lawyer missed the 90-day deadline due to neglect or inaction. See, South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994) ("[L]ack of due diligence on that part of plaintiff's attorney is insufficient to justify application of an equitable toll."); Gronowicz v. College of Staten Island, 359 F. Supp. 2d 243, 249-50 (N.D.N.Y. 2005) ("Plaintiff here sought to dodge this drastic result [of dismissal of the complaint] by arguing lawyer neglect or inaction, but that is not an equitable consideration warranting an extension of the limitation period."). Accordingly, plaintiff's claim must be dismissed.

## Conclusion

Plaintiff failed to file his claim in a timely manner, missing the statutory deadline by some two-and-a-half years.

Plaintiff's excuse that his lawyer is to blame is insufficient to toll the 90-day rule. Therefore defendant's motion to dismiss is granted, and plaintiff's claims are dismissed with prejudice. The Clerk of the Court is directed to close the case.


Dated:     Brooklyn, NY
           November 1, 2005

                                        SO ORDERED:


                                        ____/s/_____
                                        David G. Trager
                                        United States District Judge